**Suren ZATIKYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73757

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Suren Zatikyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen removal proceedings based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), we grant the petition for review and remand for further proceedings.

■ The BIA abused its discretion in denying Zatikyan's motion to reopen as untimely and numerically barred because a motion to reopen based on changed country conditions is exempt from the time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty*, 381 F.3d at 945.

■ The BIA also abused its discretion in concluding that Zatikyan failed to show "changed circumstances" because he submitted new evidence that, if taken as true, demonstrates a "reasonable likelihood" that he now has a well-founded fear of future persecution. *See Malty*, 381 F.3d at 947 (facts presented in a motion to reopen must be accepted as true unless inherently unbelievable). The BIA's observation that Zatikyan has "essentially made the same arguments he made at trial and on appeal" is contradicted by the affidavits Zatikyan submitted describing recent threats made against him and his brother, and the Los Angeles Times article quoting Zatikyan's brother about the recent resurgence of violence and suppression of opposition party members in Armenia. To the contrary, these recent facts, taken as true, would be sufficient to establish prima facie eligibility for asylum and withholding of removal. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (to prevail on a motion to reopen a petitioner need not demonstrate conclusive eligibility for relief). Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings. *See Malty*, 381 F.3d at 948.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.